IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| GARY GLESSNER<br>7437 Paxton St., Apt. C<br>Harrisburg, PA 17111<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CENTRAL DAUPHIN SCHOOL<br>DISTRICT AUTHORITY<br>600 Rutherford Road<br>Harrisburg, PA 17109<br><br>　　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO.: _____<br><br>JURY TRIAL DEMANDED |

---

## COMPLAINT – CIVIL ACTION

Plaintiff Gary Glessner ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Central Dauphin School District Authority ("Defendant"), alleges as follows:

## INTRODUCTION

1.　Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*  Specifically, Plaintiff contends that Defendant failed to accurately track and compensate him for the time he spent performing compensable work tasks from home and/or away

from Defendant's facilities, thus failing to pay him overtime compensation for all hours worked over forty (40) in a workweek.

## PARTIES

2. Plaintiff Gary Glessner is a citizen of the United States and Pennsylvania, and currently maintains a residence at 7437 Paxton St., Apt. C., Harrisburg, PA 17111.

3. Defendant Central Dauphin School District is a municipal authority organized and existing under the laws of the Commonwealth of Pennsylvania with an office address registered with the Pennsylvania Secretary of State of 600 Rutherford Road, Harrisburg, PA 17109.

4. Defendant is municipal government agency, public agency, and school, and thus an "employer" covered by the FLSA.

5. During the course of his employment with Defendant, Plaintiff was engaged in commerce within the meaning of the FLSA.

6. Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

7. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all

times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

8. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

9. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. Plaintiff first began his employment with Defendant in or around August 2010, when he was hired as an HVAC Technician.

14. Defendant classified Plaintiff, who was paid on an hourly basis, as "non-exempt" from the overtime requirements of the FLSA and PMWA.

15. In his capacity as HVAC Technician, Plaintiff's job responsibilities included installing, repairing, and maintaining equipment and physical infrastructure within the school district.

16. Plaintiff's scheduled work hours were 7 am to 3:30 pm, Monday through Friday, for at least forty (40) regular, "in person" hours per week.

17. However, outside of his scheduled work hours, Plaintiff was also expected and required to monitor and answer emails and text messages related to equipment/environmental alarms and system failure warnings, and to accept phone calls from other HVAC Technicians, supervisors, and other maintenance personnel relating to the same.

18. While Plaintiff sometimes only received a few of these alarms per day, he generally received (and was expected to review and address) far more, frequently receiving up to one hundred (100) per day.

19. As a result, Plaintiff generally spent at least one (1) hour per day, seven (7) days per week, performing compensable work for Defendant beyond his scheduled work hours.

20. Defendant had knowledge that Plaintiff was performing the "after hours" work described above, but refused to pay him any additional compensation for this time or otherwise count the time he spent performing these tasks toward his total "hours worked" under the FLSA/PMWA when calculating his eligibility for overtime compensation.

21. On November 2, 2017, Defendant suspended Plaintiff without pay for one (1) day for failing to respond to two (2) text message alerts sent to him on Sunday, October 29, 2017 at 11:30 pm and Monday, October 30, 2017 at 3:37 am.

22. On December 18, 2017, by and through his union, Plaintiff submitted a grievance contesting his suspension, disputing Defendant's contention that Plaintiff was required to perform these monitoring and coordinating duties without receiving any additional compensation.

23. Defendant denied Plaintiff's grievance, affirming its position that Plaintiff was responsible to respond to all emergency alarms, and thus, by extension, to monitor, review, and respond to all emails, text messages, or phone calls related to the equipment/environmental alarms he received outside his scheduled work hours.

24. Although Plaintiff pointed out that he was working a significant number of uncompensated hours per week performing these monitoring, response, and coordination activities for Defendant – in addition to the time he spent coming

in to perform emergency maintenance, for which he *was* compensated – Defendant took the position that since the school district's "on-call conditions [were] non-restrictive in nature," it was not required to compensated him "while [he was] on-call," even for the aforementioned hours he spent actually performing work for Defendant.

25. While Plaintiff's one-day suspension was later reduced to a written warning following a prolonged grievance process, Defendant continued requiring Plaintiff to perform the aforementioned tasks without additional compensation.

26. Indeed, when Plaintiff told Aaron McConnell ("Mr. McConnell"), whose legal name at the time was Karen McConnell, about how much time he was spending doing this work from home after his scheduled shift, Mr. McConnell's response was, simply, "How would you like to be me?"

27. In or around the summer of 2019, Plaintiff's immediate supervisor, Gene Kohles ("Mr. Kohles"), also began receiving these alarms, which slightly reduced Plaintiff's off-the-clock workload.

28. However, even with this "extra set of eyes" on the alarms, Plaintiff was still spending at least forty-five (45) to fifty (50) minutes per day, seven (7) days per week, monitoring, responding to, and coordinating with respect to the alarms after hours.

29. Plaintiff continued performing this additional work for Defendant without compensation until his retirement on or around January 29, 2021.

30. Plaintiff was paid on an hourly basis and, as such, did not qualify for the exemptions from overtime which require payment on a bona fide salary and/or fee basis, such as the executive, administrative, or professional exemptions under the FLSA and PMWA.

31. Furthermore, there are no other exemptions under the FLSA and/or PMWA which could potentially be applicable to Plaintiff.

32. From April 2018 until his resignation in January 2021, Plaintiff generally worked approximately forty-five (45) to fifty (50) hours per week, including approximately five (5) to ten (10) hours of the off-the-clock work described above for which he did not receive any compensation.

33. By way of example, during the workweek of February 9, 2020 to February 15, 2020, Plaintiff spent approximately seven (7) hours performing the off-the-clock work described above, in addition to his regular forty (40) hour shift, resulting in the denial of at least seven (7) hours of overtime compensation.

34. Defendant was aware that Plaintiff was working beyond his regularly scheduled hours without compensation and, in fact, willfully required him to do the same.

35. Despite the fact that Plaintiff thus worked significantly in excess of forty (40) hours per week, Plaintiff did not receive any compensation and/or overtime compensation for the additional off-the-clock work he performed in excess of forty (40) hours per week.

36. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

37. Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week.

38. As a result of Defendant's willfully unlawful actions as aforesaid, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201,** ***et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

39. Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

41. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

42. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.

43. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

44. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

45. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable off-the-clock hours worked which were in excess of forty (40) hours per week;

B.	Awarding Plaintiff overtime compensation in an amount consistent with the FLSA;

C.	Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.	Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.	Awarding pre- and post-judgment interest and court costs as further allowed by law; and

F.	Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

46.	Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.	Plaintiff was a non-exempt employee of Defendant within the meaning of the PMWA.

48.	The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

49.	The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the

employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

50.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

51.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.     An award to Plaintiff for any other damages available to his under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                                      Respectfully submitted,

                                      **MURPHY LAW GROUP, LLC**

By:   */s/ Michael Groh*
         Michael Murphy, Esq.
         Michael Groh, Esq.
         Eight Penn Center, Suite 2000
         1628 John F. Kennedy Blvd.
         Philadelphia, PA 19103
         TEL: 267-273-1054
         FAX: 215-525-0210
         murphy@phillyemploymentlawyer.com
         mgroh@phillyemploymentlawyer.com
         Attorneys for Plaintiff

Dated: April 19, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.